**CV 14 -        0128**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

SHALOM SCHNEORSON,

                        Plaintiff,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER
JOHANNA JIMENEZ, Shield #14979, POLICE
OFFICERS JANE/JOHN DOE(S) #s 1-10,

                        Defendants.
---------------------------------------------------------------X

**COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

MATSUMOTO, J.
ORIGINAL

REYES, M.J



Plaintiff SHALOM SCHNEORSON, by his attorneys LAW OFFICE OF DAVID A. ZELMAN, for his COMPLAINT, alleges upon information and belief, as follows:

PRELIMINARY STATEMENT

1. This is a civil rights action in which SHALOM SCHNEORSON (hereinafter "Plaintiff") seek damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. On or about December 26, 2012, at approximately 1:48 P.M. at or near 719 Eastern Parkway in Brooklyn, New York, Plaintiff was falsely arrested and thereafter maliciously prosecuted by Defendants, including but not limited to POLICE OFFICER JOHANNA JIMENEZ, Shield #14979 and POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "Defendants"). It is alleged that Defendants falsely arrested and maliciously prosecuted Plaintiff in violation of his constitutional rights. As a result of the violation of his constitutional rights, Plaintiff suffered mental and emotional injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. Plaintiff SHALOM SCHNEORSON at all times relevant hereto resided in Kings County, New York.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER JOHANNA JIMENEZ, Shield #14979 (hereinafter "JIMENEZ") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment. JIMENEZ is sued in her official and individual capacity.

6. Defendants POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of his employment. DOE(S) are sued in his official and individual capacity.

7. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times

hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

8. On or about the morning of December 26, 2012, Plaintiff went to his office located at 719 Eastern Parkway in Brooklyn, NY, and observed a broken window at the property. In addition to renting space for his office in the building, Plaintiff had previously acted as the property manager for the building, which was owned by his sister. Plaintiff believed that an individual who was residing in 719 Eastern Parkway, David Baksht (hereinafter "Baksht"), had broken the window, so Plaintiff called 911 to report the broken window.

9. While Plaintiff was waiting for officers to arrive, Baksht came outside to where Plaintiff was waiting. Upon information and belief, Baksht is a formerly homeless individual who was provided an apartment at 719 Eastern Parkway by the community, for which he pays no rent.

10. JIMENEZ and additional officers arrived at the scene. Upon information and belief, when Baksht realized that Plaintiff was attempting to have Baksht arrested for the broken window, Baksht made numerous outlandish claims to the officers, including that Plaintiff had stolen $20,000.00 in cash, 2 laptop computers, 2 desktop computers, a file cabinet, and a copy machine from Baksht's apartment.

11. Plaintiff vehemently denied Baksht's accusations. Plaintiff also informed the officers about police involvement in prior disputes between Plaintiff and Baksht.

12. Despite the officers having reason to know that Baksht's allegations were fabricated, Plaintiff was handcuffed and arrested.

13. Plaintiff was placed in a vehicle and transported to the 77th precinct, where he was detained in a holding cell for approximately 5 hours.

14. Plaintiff was transported to Central Booking, where he was held for approximately 5 hours before arraignment.

15. At arraignment, Plaintiff was charged with Burglary in the Second Degree (PL 140.25), Burglary in the Third Degree (PL 140.20), Grand Larceny in the Third Degree (PL 155.35), Grand Larceny in the Fourth Degree (PL 155.30), Criminal Trespass in the Second Degree (PL 140.15), Criminal Mischief in the Fourth Degree (PL 145.00), Petit Larceny (PL 155.25), Criminal Possession of Stolen Property in the Fifth Degree (PL 165.40), and Trespass (PL 140.05). Bail was set at $5,000.00, and Plaintiff was released after posting bail.

16. All charges against Plaintiff were dismissed on or about June 28, 2013.

17. As a result of his arrest and subsequent prosecution, Plaintiff was required to hire an attorney and pay $7,500.00 in legal fees. Plaintiff also suffered embarrassment, shame, humiliation, damage to reputation, mental anguish and loss of liberty as a result of his arrest. Plaintiff is a rabbi who was ordained over ten years ago, and Plaintiff was arrested and handcuffed in full view of the community.

### V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

18. Paragraphs 1 through 17 of this complaint are hereby realleged and incorporated by reference herein.

19. That Defendants had neither valid evidence for Plaintiff's arrest nor legal cause or excuse to seize and detain them.

20. That in detaining Plaintiff without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via his agents, servants and employees routinely charged persons with crimes they did not commit.

21. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of his officers, staff, agents and employees.

22. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

23. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

24. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff' rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and

      Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

25. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

26. Paragraphs 1 through 25 are hereby realleged and incorporated by reference herein.

27. That Defendants, acting with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that he had committed no crime.

28. That the criminal charge against Plaintiff was terminated in his favor.

29. That there was no probable cause for the arrest and criminal proceeding.

30. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected them to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

31. That upon information and belief, Defendants had a policy and/or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

32. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents

6

and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

33. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

34. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

35. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

36. That upon information and belief, in 2012, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

37. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

38. Paragraphs 1 through 37 are hereby realleged and incorporated by reference herein.

39. By fabricating evidence, defendants violated Plaintiff's constitutional right to a fair trial.

40. Defendants were aware or should have been aware of the falsity of the information used to prosecute Plaintiff.

41. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully request that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;
2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;
3. Awarding Plaintiff interest from December 26, 2012;
4. Awarding Plaintiff reasonable attorneys' fees pursuant to 42 USC §1988; and
5. Granting such other and further relief as to this Court deems proper.

DATED:   Brooklyn, New York
         January 2, 2014

DAVID A. ZELMAN, ESQ.
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072